IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

2013 FEB 12 P 3: 01

CR 13 - 030 M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | In violation of 21 U.S.C. §§ 846, 841(a), and 331(a) |
| | ) | |
| PATRICK CUNNINGHAM | ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant PATRICK CUNNINGHAM have reached the following agreement:

1. Defendant's Obligations.

   a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two-count Information which charges Defendant with Conspiracy To Distribute Steroids in violation of 21 U.S.C. § 846 (Count I) and Distribution of a Misbranded Drug in violation of 21 U.S.C. § 331(a) (Count II). Defendant will plead guilty to said Information. Defendant agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the lowest point within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (USSG or the "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines.

b. The Government will recommend that Defendant qualify for the "safety valve" provided that:

i. Defendant meets with government representatives, not later than one month in advance of the scheduled sentencing date and truthfully provides all information and evidence Defendant has concerning the offense(s) to which Defendant pleads guilty and which were part of the same course of conduct or of a common scheme or plan; and

ii. Defendant otherwise meets the statutory requirements for the "safety valve." 18 U.S.C. §3553(f)(1)-(4).

c. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate Defendant's acceptance of responsibility through sentencing.

d. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant

enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to USSG § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

    e. The government is free to recommend any combination of supervised release, fines, restitution and costs which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and the Defendant stipulate and agree the quantity of steroids that the defendant conspired to distribute was greater than 40,000 units under USSG §2D1.1

5. Except as expressly provided in paragraph 2 and 4, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to

which Defendant is pleading guilty are as follows:

COUNT I (21 U.S.C. § 846)

    a. a term of imprisonment of not more than 10 years;

    b. a fine of up to $500,000;

    c. a term of supervised release of 2 years to life; and

    d. a mandatory special assessment of $100.

COUNT II (18 U.S.C. §§ 331(a) and 333(a)(2))

    a. a term of imprisonment of not more than 3 years;

    b. a fine of up to $10,000;

    c. a term of supervised release of 3 years; and

    d. a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 13 years imprisonment; a fine of $510,000; and a term of supervised release of life. The mandatory special assessment totals $200.

    7. Defendant agrees that after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the

government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

    b. Defendant has the right to plead not guilty , or having already so pleaded, to persist in that plea;

    c. Defendant has the right to a jury trial;

    d. Defendant has the right to be represented by counsel - and if necessary, have the Court appoint counsel - at trial and every other stage of the proceeding;

    e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate. Defendant also understands that, even if the Court's guidelines determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw the plea of guilty.

11. Defendant hereby waives Defendant's right to appeal his conviction and sentence, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If

that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

13. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14. This plea agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

16. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with counsel, understands it, and agrees to its provisions.

_____          1-18-13
PATRICK CUNNINGHAM                       Date
Defendant

_____          1/18/2013
MATTHEW DAWSON                           Date
Counsel for Defendant

_____      _____Jan. 28, 2013_____
RICHARD MYRUS                       Date
Assistant U.S. Attorney

_____      _____1/25/13_____
ADI GOLDSTEIN                     Date
Assistant U.S. Attorney
Deputy Chief, Criminal Division

8