UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR 13-030 M |
| | ) | |
| PATRICK CUNNINGHAM | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Patrick Cunningham, through counsel, submits this Sentencing Memorandum in support of a sentence of three years of probation with the condition that he continue to cooperate with drug treatment and counseling aimed at combatting steroid dependence. Defendant respectfully avers that said sentence reflects the nature and circumstances of his criminal culpability considering his background and is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2).

### THE FACTS – PART ONE

The facts in this matter were set out by the prosecution at the time of the plea. That recitation of facts is contained in the presentence investigation report. The defendant has no dispute with the facts presented. As part of this memorandum the defendant has authored a statement of acceptance of responsibility in the form of a letter addressed to this Honorable Court. (See Defendant's Exhibit A) There is no question that on November 15, 2011 agents from the Drug Enforcement Administration executed a court-authorized search warrant at the home of the Defendant in Cranston, Rhode Island. At that time law enforcement officers seized

a variety of anabolic steroids and a substantial number of items related to the manufacture and distribution of steroids. For the agents involved the seizures in question were the culmination of a narcotics investigation that represented a substantial step in destroying an international criminal conspiracy to distribute anabolic steroids. For Mr. Cunningham the arrest brought an end to a twenty-year run of significant steroid abuse.

DEFENDANT'S BACKGROUND

The specifics of Mr. Cunningham's life are accurately set out in the pre-sentence report. At first blush it could be fairly described as typical. His life has not been free of the challenges and setbacks we all face but, on the whole, he enjoyed a decent upbringing and has lead a life defined by hard work and a comfortable middle-class existence. Mr. Cunningham dropped out of high school and his parents spilt up but he has overcome that youthful error in judgment and acquired numerous jobs and occupations and, barring injury, has maintained a consistent work history. His wife describes him as a hard worker who does not easily anger (PSR ¶ 29) and a good person who got himself into a bad situation. It is noteworthy that Mr. Cunningham rarely drinks alcohol and has never abused any of the so-called "recreational" drugs which often lead people into personal, financial and legal difficulties.

As the PSR accurately points out, nearly twenty years ago Mr. Cunningham began a daily regimen of weight lifting. That regimen gradually lead to his regular use of anabolic steroids. Ultimately that use lead Mr. Cunningham to develop a significant addition to anabolic steroids.

Since the time of the execution of the search warrant in this matter Mr. Cunningham has availed himself of counseling services through Quality Behavioral Health in Warwick, RI. To

further aid this Court in its assessment of Mr. Cunningham this memorandum includes a report of Joyce Heimbecker, Licensed Medical Health Counselor (LMHC), Licensed Chemical Dependency Professional (LCDP). (See Defendant's Exhibit B) In that report Ms. Heimbecker confirms that Mr. Cunningham has been involved in counseling to overcome his addition since November of 2011 and he is "motivated to improve his life and stay free from steroid abuse in the future."

THE FACTS – PART TWO

The defendant has pleaded guilty to Conspiracy to Distribute Steroids and Possession of misbranded drugs. As the PSR notes Mr. Cunningham was not part of the management of the operation. Mr. Cunningham makes his living as a laborer and it is the position of the defense in this matter that, although he is certainly guilty of committing the crimes charged, he served as the labor in this criminal enterprise. As he points out in his letter of acceptance of responsibility, his sole motivation for getting involved in this enterprise was to acquire steroids for himself. He did not make any money for his efforts. In fact, as he informed the agents involved, his participation ended up costing him money.

The leader of this criminal conspiracy has previously been sentenced by this Court. In that matter this Court heard facts which indicated that the distribution in this conspiracy involved steroid users going onto various Internet "boards" to order and acquire steroids. Mr. Cunningham had nothing whatsoever to do with that aspect of the operation. Mr. Cunningham made trips to Western Union and the post office on behalf of others and was involved in packaging materials. His payment came in the form of steroids for his own use. The defense

respectfully suggests that his involvement in terms of planning and executing the scheme to distribute steroids was minimal.

From the moment agents arrived at his home in November of 2011 Mr. Cunningham has been completely cooperative with the police. He freely provided law enforcement the passwords to his phone and computers. Ultimately, as part of his qualification for the safety valve provisions in the sentencing guidelines, Mr. Cunningham, provided law enforcement with a complete account of all of his activities involving steroids. At that time he showed genuine remorse for his criminal acts.

## THE ADVISORY GUIDELINES AND THE APPROPRIATE SENTENCE

Mr. Cunningham now stands before this Court convicted of Conspiracy to Distribute Steroids and Distribution of a Misbranded Drug. Mr. Cunningham was convicted in 2007 of possession of steroids as a result of an arrest that occurred in 2005. Beyond that Mr. Cunningham has no criminal history. His offence level is 15, which yields a guideline sentencing range of 18 to 24 months.

This Court is well aware that the United States Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 542 U.S. 220, 245 (2005). A federal judge may sentence within a wide range, based on the facts and law applicable to the particular case. Gall v. United States, 128 S.Ct. 586, 602 (2007), Kimbrough v. United States, 128 S.Ct. 558, 570 (2007). A sentencing report may not presume that the guideline range is correct. Rita v. United States, 127 S.Ct. 2456, 2465 (2007). Simply put, since Booker was decided, "district judges are empowered with considerable discretion in sentencing[.]" United States v. Taylor, 532 F.3d 68, 69 (1st Cir.

2008). While the guidelines serve as a starting point in sentencing proceedings, the district Court must consider a variety of factors to fashion an appropriate sentence. Gall, 128 U.S. S.Ct. at 596. Those factors, as set out in 18 U.S.C. § 3553(a)(2), include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .;
>
> (5) any pertinent [Sentencing Commission] policy statement . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

After considering all of the above-enumerated factors, that court must impose a sentence that is "sufficient but not greater than necessary" to accomplish that purposes of sentencing.

In this matter the Court is faced with sentencing an individual who participated in a criminal conspiracy to distribute steroids for the sole purpose of acquiring them for his own use. That use, and abuse, of steroids has been the focus of his life for the better part of two decades. Since the time he first learned of the law enforcement investigation into

his activities he has completely stopped using steroids and has successfully sought out and participated in counseling to deal with his addiction. He has completely changed his life both in terms of his lifestyle and the company he keeps. He has worked steadily and is currently involved in training for a new trade in the auto body industry.

Patrick Cunningham will shortly stand before this Court to be sentenced for his criminal misdeeds. At that time this Court will need to balance the nature and circumstances of the offense and the history and characteristics of the defendant to determine an appropriate sentence. Although the Court's sentencing calculation must begin with reference to the guidelines, the guidelines are not presumed by the Court to suggest a reasonable sentence. <u>Rita</u>. "As far as the law is concerned, the judge could disregard the Guidelines ..." Id at 533. In this matter, as the Court considers Mr. Cunningham's history and background the defense respectfully suggests that there is absolutely no rational basis to support the notion that this case calls from a sentence that includes any term of incarceration. Mr. Cunningham played a relatively small role in this conspiracy. He cooperated fully with law enforcement and has, on his own, used the motivation of his arrest to completely turn his life around. This matter has been pending for twenty months, during which Mr. Cunningham has remained free. During that time he has lived as an exemplary member of society. Mr. Cunningham poses absolutely no threat to society or his community. He is a prime candidate for rehabilitation. That rehabilitation is best evidenced by the fact that it has already begun.

The defendant respectfully suggests that a three-year term of probation with the condition that he continue with substance abuse counseling is sufficient to meet the ends

of justice in this case.

          Respectfully submitted,
          PATRICK CUNNINGHAM

          By:
          LYNCH & PINE, Attorneys At Law

          _____
          Matthew Dawson, Esq. (#5353)
          One Park Row, 5th Floor
          Providence, RI 02903
          (401) 274-3306
          (401) 274-3326
          MDawson@patricklynchlaw.com

## **CERTIFICATION**

I hereby certify that I electronically filed and caused to be delivered a true copy of the within Sentencing Memorandum by electronic transmission to the Office of Assistant United States Attorney Richard Myrus, on the 25th day of July, 2013.

          _____

# EXHIBIT

# A

The Honorable John J. McConnell, Jr.
United States District Judge
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

Re:  <u>United States v. Patrick Cunningham, CR 13-030 M</u>

Dear Justice McConnell:

My name is Patrick Cunningham and within the coming days I will be before you to be sentenced for my part in a steroid distribution operation that was shutdown by the police in November of 2011.  I am absolutely guilty of the crimes to which I have pleaded and I accept full responsibility for my actions.  I broke the law and I am ready to face whatever consequences you think are appropriate.

I'd like to try to explain myself to you and the circumstances surrounding the events that have brought me before the Court.  I do not offer any excuses for my actions but I do want to give you an idea of the type of person I am so you can judge me fairly.

I have been lifting weighs nearly every day for the better part of the last twenty years.  Over that period I've also been using steroids on and off as part of my workout routine.  Other than that, I lead a very normal life.  I don't drink; I don't use so-called "recreational" drugs and other than a prior issue with steroids I've never been arrested.  I don't get into fights, I don't talk bad about people, and I go out of my way to avoid trouble.  It's not easy to talk about myself like this but I'm easy to get along with and am well liked by my friends and family.

I participated in this operation for the sole purpose of acquiring steroids for myself.  As I told the police, I didn't make any money helping out with this operation, in fact it ended up costing me money.  After I was arrested I was completely cooperative with the police.  I gave them all the passwords to my phone and computers and I ended up giving them a complete account of all of my actions.  I want you to know that I was only involved in helping other adult body builders like myself get steroids.  I do not say that to excuse my behavior but to let you know I did not do these things recklessly.

Looking forward I'm really planning to put this unfortunate situation behind me.  I've changed everything about my life since the police raided my home in November of 2011.  I've completely stopped using steroids, I've changed all of my workout partners and gotten completely away from anyone who is still in the life that I used to lead.  I'm at a new gym where nobody knows me, which is for the best.  I've started a significant career change and a new trade.  For the first

time in my life I've joined a church and I have been attending regularly for the past eight months.

      I consider myself to be a positive member of society and my community with the one exception being my troubles with steroids. The events surrounding my arrest have resulted in change for me. I'll give credit to the system for some of that change but, to be honest, I think c hange was coming for me either way. I am too old to continue on the path that has lead me here. My body is breaking down and I can't deal with the injuries and physical challenges my lifestyle brings any longer. I'll always keep in shape and workout but the steroid fueled life I was leading is over.

      Thank you for your attention to my case. I'm very sorry for what I have done but I have truly learned valuable lessons and I'm hoping you'll allow me to move forward with my life.

Respectfully,

Patrick Cunningham

# EXHIBIT

# B



# Quality Behavioral Health, Inc.

Management Services

July 23, 2013

Honorable John J. McConnell, Jr.
U.S. District Judge
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

Re: Patrick Cunningham
DOB: 11/18/1968

Dear Judge McConnell:

This letter is to inform you that Patrick Cunningham has been in counseling with me at Quality Behavioral Health since November, 2011.

He has been diagnosed with an adjustment disorder and an addiction to anabolic steroids. He has worked on developing healthy coping skills and freeing himself from the frequent use of steroids to enhance his athletic performance and body image.

Currently, Mr. Cunningham is motivated to improve his life and to stay free from steroid use in the future. He will remain in treatment to support his desire to lead a healthy life despite physical, financial, and psychosocial stressors.

Please feel free to contact me if you have further questions.

Sincerely,

*Joyce La Fazia Heimbecker*

Joyce LaFazia Heimbecker, LMHC, LCDP

75 Lambert Lind Highway • Suite 120 • Warwick, Rhode Island 02886 • Tel: (401) 681-4274 Fax: (401) 681-4285
www.qbhmedicalservices.com

# EXHIBIT

# C

To whom it may concern,

  Patrick Cunningham has been working along side me as an intern @ 44 Auto Concepts in Johnston learning the autobody repair trade.
He has been nothing short of an asset! He came to my shop a year ago knowing less than bare basics and has proven to show a sincere interest.
Most responsibilities I haven't entrusted to anyone I entrust to him. So much so, he's allowed me to take a much needed vacation. He's always a pleasure to be around and never hear complaining from him. Most importantly he keeps my customers happy. Hes a mild tempured man and I cant say enough good things about him.

*[signature]*
Owner / manager.

LIC # 1009
**Route 44 Auto Concepts**
Joe Campanini
401.649.2478
autoconcepts44@hotmail.com
200 Putnam Pike
Johnston, RI 02919
Repair & Collision Facility Specialist
Paintless Dent Repair | Hail Damage Repair | Key Scratch | Full Reconditioning