IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No.: 13-030-M |
| v. ) | |
| ) | |
| PATRICK CUNNINGHAM ) | |

### GOVERNMENT'S POSITION ON SENTENCING

The United States of America submits this sentencing memorandum to assist the Court in determining the defendant's sentence. The government has reviewed the presentence report ("PSR") and has no material objections. The government agrees that the Guidelines range is accurately calculated as 18 to 24 months of incarceration and respectfully requests a sentence at the low end of that range, followed by 3 years of supervised release. A meaningful period of incarceration is warranted because the defendant was a co-conspirator in an international drug distribution ring that was responsible for the large-scale manufacture and sale of prescription drugs, including injectable steroids.

In addition, the defendant was convicted in 2007 of two counts of possession of anabolic steroids, following the seizure of a large quantity of steroids and packaging materials from his house. The Court previously sentenced Edmond Paolucci, the defendant's co-conspirator, to a sentence at the low end of Mr. Paolucci's Guidelines range based principally on the fact that Mr. Paolucci had been convicted in 2006 of possession with intent to deliver steroids. The need for deterrence and sentencing consistency in this case warrants a sentence at the low end of the Guidelines range for Mr. Cunningham.

**I.      The Defendant's Role in the Conspiracy to Distribute Steroids**

The defendant was responsible for the manufacture and sale of prescription drugs including steroids bearing the underground brand names Sciroxx and Xsoroxx in the United States and elsewhere. From his co-conspirator Edmond Paolucci, Mr. Cunningham received bulk quantities of pills and injectable oil-based steroids in 650 ml. jugs. Mr. Cunningham then oversaw the repacking of the bulk steroids into retail-size pill packets and 10 ml vials bearing Sciroxx and Xsoroxx labels that were shipped via U.S. mail to customers in the United States who had made purchases on-line. (PSR at 5.)

Upon executing a search at the defendant's residence on November 15, 2911, officers found a substantial number of items related to the manufacture and distribution of steroids and other drugs, including drug ledgers, vials, and numerous labels bearing the names of various anabolic steroids containing Boldenone, Trenbolone, and Testosterone. In addition, officers seized stored Skype communications between defendant Cunningham and his co-conspirators, regarding payments and the distribution of proceeds from the sale of steroids. Agents also seized voicemail files from Cunningham's computer that had been left for him by various customers seeking to purchase steroids. In addition, agents seized several boxes containing, among other drugs, blister packs of tablets labeled as Tamoxifen, Clenbuterol, Clomiphene, and Sildenafil. (Id.)

**II.     Applicable Sentencing Law**

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although courts "must consult those Guidelines and take them into account when sentencing." United States v. Booker, 543 U.S. 220, 264 (2005). A court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the

statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351 (2009). In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" Kimbrough v. United States, 552 U.S. 85, 109 (2007) (quoting Rita v. United States, 551 U.S. 338, 350 (2007)).

The First Circuit instructed in U.S. v. Martin:

> the fact that a sentencing court possesses the raw power to deviate from the guidelines does not mean that it can (or should) do so casually . . . . Moreover, a certain 'sliding scale' effect lurks in the penumbra of modern federal sentencing law; the guidelines are the starting point for the fashioning of an individualized sentence, so a major deviation from them must be supported by a more significant justification than a minor one.

520 F.3d 87, 91 (1st Cir. 2008) (internal quotations omitted).

The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary." 18 U.S.C. 3553(a). Toward that end, Section 3553(a)(2) instructs that the sentence should: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (2) adequately deter criminal conduct; (3) protect the public from further crimes by the defendant; and (4) provide the defendant with needed education/vocational training, and medical care.

### III.   A Sentence at the Low End of the Guidelines Range is Warranted

A sentence at the low end of the Guidelines range is appropriate and, indeed, warranted in light of the 3553(a) factors. Specifically, a sentence of 18 months will reflect the seriousness of the defendant's offense in light of his previous conviction for steroid distribution and hopefully provide a meaningful deterrent.

1. **<u>Nature and Circumstances of the Offense</u>.**

The defendant was a participant in a sophisticated, long-running, international conspiracy to distribute anabolic steroids, a Schedule III controlled substance, via the Internet. Specifically, the defendant supervised the underground laboratory in Rhode Island where bulk shipments of untested, unapproved injectable steroids were repackaged into thousands of individual doses for distribution to Internet customers throughout the United States. (PSR, ¶ 5.)

The government acknowledges that Mr. Cunningham has been cooperative throughout this case and that he appears to have a substance abuse problem. Mr. Cunningham, however, was not the equivalent of a low-level, street dealer. Rather, he was an integral participant in a sophisticated steroid distribution ring, who was responsible for overseeing the repacking by several other participants of injectable steroids for retail distribution.

2. **<u>Adequate Deterrence</u>**

This case is not the first time Mr. Cunningham has been involved with illegal steroids. In 2005, law enforcement agents executed a search warrant at Mr. Cunningham's residence and seized a large quantity of steroids, packaging material, ledgers, syringes and $3774 in cash. (PSR, ¶ 24.) In that case, the defendant was charged with three counts of possession with intent to deliver steroids. He subsequently pleaded guilty to two counts of possession of steroids and received a three-year suspended sentence and three years of probation. Plainly, the defendant's previous steroids conviction did not deter him. Indeed, the lenient sentence that he received may well have emboldened him to participate in this most recent scheme. A meaningful term of incarceration is appropriate now to protect the public and to impress upon the defendant that steroid trafficking is a serious offence.

**V.      Conclusion**

For the reasons set forth above, the government submits that a sentence of 18 months is appropriate.

Respectfully submitted,

UNITED STATES OF AMERICA

By Its Attorneys,

PETER F. NERONHA
United States Attorney


/s/ RICHARD MYRUS
RICHARD MYRUS
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
richard.myrus@usdoj.gov

## CERTIFICATE OF SERVICE

On this 29th day of July, 2013, I caused the within Government's Position on Sentencing to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Matthew Dawson, Esq.
One Park Row, 5th Floor
Providence, RI 02903

/s/ RICHARD MYRUS
RICHARD MYRUS
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
richard.myrus@usdoj.gov